NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY JAMGOTCHIAN, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SCIENTIFIC GAMES CORPORATION, a Delaware Corporation; et al., <br><br> Defendants - Appellees. | No. 08-56896 <br><br> D.C. No. 2:08-cv-05121-GHK-CW <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted March 5, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and MCNAMEE,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Stephen M. McNamee, Senior District Court Judge for
the District of Arizona, sitting by designation.

Jerry Jamgotchian appeals the district court's grant of Scientific Games Corporation's ("Scientific Games") Rule 12(b)(6) motion to dismiss Jamgotchian's complaint. We have jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and we affirm.

The district court correctly concluded that Jamgotchian's claims are barred by California's public policy against judicial resolution of civil claims arising out of gambling contracts or transactions. *See Kelly v. First Astri Corp.*, 72 Cal. App. 4th 462, 490 (1999). Jamgotchian used Scientific Games' machines to place pari-mutuel horse racing bets that were to be randomized by Scientific Games' software, but were not, due to a defect in the software. Jamgotchian desires to undo these betting transactions and recover losses stemming from payments for tickets that were supposed to be randomized. Although he argues that his suit is not one to recover gambling losses, we agree with the district court that "a suit to be placed in the *ex ante* position after losing a bet is" just that, and is barred by *Kelly*, which held that "California's public policy against judicial resolution of civil claims arising out of gambling contracts or transactions absent a statutory right to bring such claims, applies to all forms of gambling, whether legal or illegal." *Id.*

We must apply the *Kelly* decision absent "convincing evidence that the state supreme court would decide differently." *Vestar Dev. II, LLC v. Gen. Dynamics*

*Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (internal quotation marks omitted). Jamgotchian points only to the California Court of Appeal's observation—in dicta—in *NevCal Enterprises, Inc. v. Cal-Neva Lodge, Inc.* that California "ha[s] reversed th[e public] policy with respect to such gambling done upon the licensed premises of a racing association and through pari-mutuel machines."  194 Cal. App. 2d 177, 180-81 (1961).  *Kelly* was decided after *NevCal*, however, and expressly rejected the argument that California has reversed its public policy against judicial resolution of civil claims arising out of gambling contracts or transactions as to any form of gambling.  72 Cal. App. 4th at 472, 476-90.  The California Supreme Court denied the petition to review *Kelly*.  *Kelly*, 72 Cal. App. 4th 462, *review denied*, No. S080081 (Cal. Sept. 1, 1999).  Thus, Jamgotchian fails to present convincing evidence that the California Supreme Court would overrule the California Court of Appeal's decision in *Kelly*.

**AFFIRMED.**